IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK DAVENPORT,<br><br>            Plaintiff,<br><br>v.<br><br>DEB BLADES, WEXFORD HEALTH SOURCES, INC., PERCY MYERS, and DAVID MITCHELL,<br><br>            Defendants. | Case No. 23-cv-2221-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mark Davenport, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the Court on Davenport's motion for leave to file an Amended Complaint (Doc. 56).

Davenport's original Complaint alleged deliberate indifference in the treatment of his protruding hemorrhoids in violation of the Eighth Amendment. He was allowed to proceed on the following counts:

    Count 1:    Eighth Amendment deliberate indifference claim against Deb Blades for failing to treat Davenport's rectal protrusion on May 30, 2022.

    Count 2:    Eighth Amendment deliberate indifference claim against Dr. Percy Myers for failing to treat and delaying care for Davenport's rectal protrusion.

    Count 3:    Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for having a policy and/or

> practice of delaying urgent referrals and encouraging physicians to spend minimal time with patients.

(Doc. 7, p. 7).

Davenport's motion (Doc. 56) and proposed Amended Complaint (Doc. 56-1) seeks to add new claims and defendants. Specifically, he seeks to add a battery and intentional infliction of emotional distress claim against Deb Blades and a negligence claim against Dr. Myers (Doc. 56-1, pp. 1-2, 6-7). He also seeks to add a deliberate indifference and negligence claim against Physician Assistant Desai and Jane Doe nurses for the treatment of his hemorrhoids. Finally, he attempts to allege that an outside surgeon, Will Chapman Jr., committed medical malpractice by leaving a large, protruding hemorrhoid after Davenport's excision procedure (*Id*. at p. 8).

Simply put, Davenport's proposed Amended Complaint is an impermissible piecemeal attempt to amend his Complaint. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir.2004). Thus, the pleading must include the original claims *and* the proposed amended claims. But Davenport's proposed pleading fails to include his original allegations. The pleading only includes his new allegations and proposed claims against Deb Blades, Desai, Myers, Will Chapman Jr., and the Jane Doe nurses. The Court will not accept piecemeal amendments to add additional defendants and claims. Although Davenport's conclusion states that he realleges and incorporates by reference his allegations from his original Complaint, he cannot simply reference his original Complaint because the amended pleading replaces the original Complaint. Davenport's

proposed Amended Complaint cannot stand on its own because he has taken out the allegations alleging deliberate indifference by Deb Blades, Dr. Myers, and Wexford. For these reasons, Davenport's motion to amend (Doc. 56) is **DENIED**.

Defendants did not respond to Davenport's motion to amend but recently filed a motion for extension of time (Doc. 57) asking for additional time to file a dispositive motion on the issue of exhaustion of administrative remedies. They ask for an additional two weeks after the ruling on Davenport's motion to amend. Accordingly, Defendants' motion for extension of time is **GRANTED**. Dispositive motions on the issue of administrative exhaustion are now due **March 26, 2024**.

**IT IS SO ORDERED.**

DATED:   March 12, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**